UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIANA MATA-CUELLAR, individually and on behalf of all persons similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TENNESSEE DEPARTMENT OF SAFETY, )<br>*et al.*, )<br>)<br>Defendants. ) | Case No. 3:10-0619<br>Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Motion for Dismissal in their Individual Capacities filed by defendants David Mitchell and Michael Hogan. (Docket No. 4). For the reasons discussed herein, this motion will be granted in part and denied in part as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

This putative class action "challenges the policies, practices and procedures of [the] Tennessee Department of Safety ("TDS") in confiscating valid, federally-issued naturalization certificates of naturalized citizens, or other 'Identification Documents' . . . that are presented by foreign-born persons legally present in the United States in support of their applications for a Tennessee driver license or identity card, absent any reasonable basis to suspect or believe that the documents are counterfeit or otherwise invalid." (Docket No. 1 at 2.)

1

In her Complaint filed on June 24, 2010, the plaintiff, Diana Mata-Cuellar, claimed that her naturalization certificate was "improperly confiscated" and then "defaced and altered" by the TDS when she attempted to apply for a driver's license. (*Id.* at 4.) The plaintiff alleged that this conduct was part of a "disturbing pattern" of improper seizure by the TDS. (*Id.* at 6-7.) The plaintiff, on behalf of herself, asserted Section 1983, Title VII, Tennessee common law, and Tennessee constitutional claims against TDS and a group of TDS employees, in their official and individual capacities. (*Id.* at 10-13.) The plaintiff sought damages and assorted injunctive relief. (*Id.*) The plaintiff also asserted similar claims on behalf of a putative class of individuals who had had naturalization documents seized by the TDS. (*Id.* at 13.)

On July 8, 2010, two defendants, David Mitchell and Michael Hogan, in their individual capacities, moved to dismiss the monetary damages claims against them for failure to state a claim. (Docket No. 4.) The plaintiff alleges that Mitchell is the TDS Commissioner, authorized to make policy for the TDS, and that Hogan, as the Director of the Drivers' License Issuance Division of the TDS, is authorized to make policy for that division. (Docket No. 1 at 10-11.) The plaintiff explicitly sued Mitchell and Hogan in their individual capacities for money damages and in their official capacities for injunctive relief. (*Id.*)

In their motion, Hogan and Mitchell argued that, in essence, the plaintiff's Section 1983 claims premised on supervisor liability and "failure to train" against Mitchell and Hogan were "conclusory" and, therefore, not sufficient to state a claim for relief.[1] (Docket No. 5 at 2-4.)

---

[1] Mitchell and Hogan also claimed that the plaintiff's "freedom of association" claim and claim for "violation of Section 1983" (not tied to an underlying constitutional right) were not viable. (Docket No. 5 at 4-6.) In the Amended Complaint, the plaintiff has not asserted these claims, and, therefore, this issue is moot.

Mitchell and Hogan also argued that "there is no private cause of action for alleged violations of the Tennessee State Constitution," and, therefore, any Tennessee Constitution claims against them in their individual capacities should be dismissed. (Docket No. 5 at 6.)

On July 21, 2010, the plaintiff filed an Amended Complaint as well as a lengthy response to the defendants' motion. (Docket Nos. 7 and 8.) Mitchell and Hogan filed a brief reply, alleging that the allegations of supervisory liability in the Amended Complaint remained insufficient. (Docket No. 10 at 2.)

## ANALYSIS

It is well-settled that, because a properly filed amended complaint supersedes and replaces all previous complaints, the filing of an amended complaint generally moots a pending motion to dismiss. *See Ware v. C.R. Bard, Inc.*, 2007 WL 2463286, *2 (E.D. Tenn. Aug. 28, 2007); *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007) (collecting cases). Only in the rare case, where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 2009 WL 3029661, *4 (S.D. Ohio Sept. 16, 2009).[2]

Here then, the mootness of the motion to dismiss depends on whether the Tennessee Constitution and failure to train/supervise claims are "substantially identical" in the two

---

[2]Here, the Amended Complaint was properly filed without leave of court. As relevant here, under the recently amended Federal Rule of Civil Procedure 15 (a)(1)(B), "a party may amend its pleading once as a matter of course within. . . 21 days after service of a motion under Rule 12(b)." The Amended Complaint here was filed 13 days after the Rule 12(b)(6) motion to dismiss.

3

complaints. As to the Tennessee Constitution claims, in both complaints, the plaintiff states that she is suing Mitchell and Hogan in their individual capacities for money damages and in their official capacities for injunctive relief. (Docket No. 1 at 10-11; Docket No. 7 at 11.) It is well settled that there is no viable cause of action for money damages for violations of the Tennessee Constitution. *Bowden Building Corp. v. Tennessee Real Estate Commission*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999); *Williams v. Leatherwood*, 258 Fed. Appx. 817, 825 (6th Cir. 2007). Therefore, based upon the allegations in both complaints, the plaintiff may not maintain a claim for damages under the Tennessee Constitution against Mitchell and Hogan in their individual capacities.[3]

As to the failure to train/supervise claim, to establish supervisory liability under Section 1983, the plaintiff must generally be able to show that the supervisor was, at least, "deliberately indifferent" to the violations of constitutional rights committed by those under his control, that is, "[a]t a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993).

On this point, the allegations in the original Complaint were somewhat conclusory, that is, the Complaint alleged that Mitchell and Hogan "either authorized or knowingly acquiesced in the unconstitutional actions of their subordinates" and that they were "deliberately indifferent to constitutional violations likely to result from serious deficiencies in the training program of personnel who staff driver license stations." (Docket No. 1 at 19-20.)

---

[3]This ruling does not affect injunctive relief, which is sought against Mitchell and Hogan in their official capacities.

The Amended Complaint adds substance to these allegations. Specifically, the plaintiff explicitly alleges that litigation conducted in this court in 2008 against TDS, Mitchell, Hogan and others (the *Bautista* case, 3:08-cv-1125) put Mitchell and Hogan on notice of constitutional violations involving the misuse and mistreatment of naturalization documents by their subordinates at TDS. (Docket No. 7 at 20.) Indeed, the Bautista complaint also "challenge[d] the practice of the TDS confiscating the 'green card'... and other documentation of those legally present in the United States without any reasonable basis to suspect or believe that they are counterfeit or otherwise invalid, and seizing and retaining them for unreasonable periods of time. . . . ." (Docket No. 7 Ex. E at 2.) Also, the Amended Complaint refers to a July 7, 2010 *Tennessean* article that reported that the TDS attempted to confiscate the birth certificates of two U.S. citizens born in Puerto Rico. (Docket No. 7 at 8.) The plaintiff argues that all of this gave Mitchell and Hogan sufficient notice of inadequate training procedures such that "refusal to take corrective action constitutes deliberate indifference." (*Id.* at 21.)

Plainly, the allegations in support of the failure to train/supervise claim against Mitchell and Hogan are not "substantially identical" to the allegations in the initial Complaint.[4] Therefore, the Motion to Dismiss (Docket No. 4) filed by defendants Mitchell and Hogan in their individual capacities is **GRANTED** on the Tennessee constitutional claims and **DENIED AS MOOT** otherwise.

---

[4] In their reply, Mitchell and Hogan argue that the *Bautista* complaint and the *Tennessean* article were not sufficient to actually give them notice of inadequate training. (Docket No. 10 at 2.) These arguments may be raised in a motion to dismiss the Amended Complaint, but, the court suggests, may be better left to the summary judgment stage.

5

It is so ordered.

Enter this 6th day of August 2010.

_____
ALETA A. TRAUGER
United States District Judge